IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA DELORES KIRKENDALL GREELY | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-3330 |
| POLICE CHIEF JIM ELLIOTT, *et al.*, | § § § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

Former state prisoner Angela Delores Kirkendall Greely (TDCJ #1112810, former TDCJ #868298) has filed suit under 42 U.S.C. § 1983, alleging that her civil rights were violated while in custody of the City of El Campo Police Department and the Texas Department of Criminal Justice ("TDCJ"). She proceeds *pro se* and she has been granted leave to proceed *in forma pauperis*. At the Court's request, Greely has provided a more definite statement of her claims. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.   BACKGROUND

Greely reportedly resides in El Campo, Texas, which is located in Wharton County. According to the complaint, Greely was arrested by police officers employed by the El Campo Police Department on June 9, 2002. Greely complains that, while in custody of the El Campo Police Department, Patrol Sergeant Sonny Gonzales mistreated her by denying her

access to adequate medical care. Greely complains that Sergeant Gonzalez acted with "gross negligence" and that Chief of Police Jim Elliott failed to train him adequately.

Greely reports further that, in August of 2002, she was transferred to the custody of TDCJ. Greely complains that she was denied adequate medical care while in custody at the Lane Murray Unit, which is located in Gatesville, Texas. Exhibits show that Greely was released on June 7, 2007, after serving a five-year prison sentence for aggravated assault with a deadly weapon.

Greely sues Chief Elliott, Patrol Sergeant Sonny Gonzalez, and other unidentified individuals employed at the El Campo Police Department, alleging that she was denied adequate medical care with deliberate indifference in violation of her constitutional rights. Greely also sues Christina Melton Crain of the Texas Board of Criminal Justice, complaining that she was assigned to perform work that worsened her medical condition in an unspecified manner while she was imprisoned in TDCJ. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is subject to preliminary review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. Under this standard, a district court may dismiss a complaint as

frivolous "if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

#### A.   Limitations

Greely's primary complaint is that she was denied access to adequate medical care in June of 2002, while in custody of the El Campo Police Department. Exhibits attached to the complaint show that Greely was treated for chest pain at El Campo Memorial Hospital following her arrest on June 9, 2002. According to these exhibits, Greely told emergency room personnel that she began experiencing chest pain on June 6, 2002, but that the pain became worse after her arrest. Greely appears to complain that, during her arrest, Sergeant Gonzales denied her access to unspecified medication.

In addition, Greely complains that her medical condition became worse while she was in custody of TDCJ because she was assigned to perform work beyond her physical

3

capacity.[1]  The TDCJ "Health Summary for Classification" (HSM-18) form attached to the complaint shows that Greely was assigned to work as a tailor in the prison sock factory.  This form indicates further that, with the exception of exposure to "temperature extremes," Greely had "no" restrictions on her work assignment.  This form confirms, however, that Greely was cleared to work with no restrictions by a physician on December 20, 2005.

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  This means that once the claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations.  *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

To the extent that Greely complains that she was denied access to medical care during her arrest, the pleadings show that was aware of the facts giving rise to that claim no later than June 9, 2002, when her arrest occurred.  Greely's complaint is dated November 4, 2008, which is well outside the two-year limitations period for the allegations that form the basis

---

[1] Neither the complaint nor the more definite statement provided by Greely provide any specific facts about her medical condition while she was in state custody at the Lane Murray Unit.  (Docs. # 1, # 6, # 9).  Although she was asked to provide specific information about her claims, Greely does not provide any information about her medical condition or the level of medical care that she received while in TDCJ.  Greely further fails to allege facts showing that her medical condition interfered with any of her normal activities while she was in state custody.  The only individual that she faults for her treatment in TDCJ is Christina Melton Crain, who Greely claims is "personally" responsible for the health care received by all inmates.

of her claims.  Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Because Greely waited more than two years to file suit from the time that her claims accrued, all of Greely's claims against the El Campo Police Department and its officers are untimely and subject to dismissal as frivolous for this reason. *See id.*

Further, it is possible that Greely was aware of her claim concerning her TDCJ work assignment by December 20, 2005, when a prison physician cleared her to perform work with no physical restrictions.  Assuming that these claims are not untimely, Greely's claims stemming from her confinement in TDCJ fail for other reasons discussed more fully below.

**B.     Lack of Personal Involvement**

The Court asked Greely to provide specific information about her claims in response to its Order for More Definite Statement.  (Doc. # 6).  The only individual identified by Greely as having any connection to TDCJ is Christina Melton Crain, who is a private attorney serving on the Texas Board of Criminal Justice.  Greely does not allege that Crain had any personal involvement with the claims outlined in the complaint.  Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct.  *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)).  In order to successfully plead a cause of action in § 1983 cases, a civil rights

5

plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

The pleadings reflect that Greely sues Crain in her capacity as a supervisory official only. A supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins*, 828 F.2d at 304 (quotations omitted).

Greely was asked to provide specific information about her medical condition and to explain how this condition interfered with her normal activities. (Doc. # 6). Greely has failed to provide this information. Likewise, although Greely claims that Crain is personally responsible for the medical care that inmates receive in TDCJ, she has not alleged facts showing that Crain (or any other individual employed by TDCJ at the Lane Murray Unit) had

the requisite personal involvement with a constitutional violation.  Likewise, Greely has not shown that the enforcement of any particular prison policy was the moving force behind any violation of his constitutional rights.  Because Greely does not allege specific facts demonstrating that Crain had any personal involvement with her claims, Greely's complaint must be dismissed for failure to state a claim upon which relief can be granted.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED** that the plaintiff's complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 25, 2009.

_____
Nancy F. Atlas
United States District Judge

E